UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:21-20311

v.                                           Honorable Thomas L. Ludington
                                                       United States District Judge

RYAN LEE HUGHES,

        Defendant.
_____/

**OPINION AND ORDER (1) GRANTING DEFENSE COUNSEL'S SECOND MOTION TO WITHDRAW, (2) APPOINTING NEW COUNSEL, AND (3) DIRECTING SERVICE ON DEFENDANT**

In May 2021, Defendant Ryan Lee Hughes was indicted on one count of robbery, 18 U.S.C. § 2111, and one count of assault with a dangerous weapon with intent to do great bodily harm, 18 U.S.C. § 113(a)(3). ECF No. 1. Nine months later, Defendant's appointed counsel, Jerome Sabotta, filed his second motion to withdraw. ECF No. 35. Importantly, Mr. Sabbota is not Defendant's first appointed counsel.

Initially, Defendant was represented by CJA Panel Attorney Mark S. Gatesman. Their relationship was short lived and marred with difficulties, which Defendant attributed to Mr. Gatesman's unresponsiveness. *See* ECF No. 23 at PageID.49. Although Mr. Gatesman steadfastly denied that he was unresponsive, he acknowledged that the attorney-client relationship had broken down and that withdrawal was appropriate. *Id.* Accordingly, in November 2021, this Court allowed Mr. Gatesman to withdraw and appointed Mr. Sabbota in his place. ECF Nos. 23;24.

Barely a month after being appointed, Mr. Sabbota also filed a motion to withdraw. ECF No. 27. According to Mr. Sabbota, Defendant had baselessly accused him of conspiring with the Government to undermine Defendant's case. *Id.* PageID.60–61. After holding a hearing, this Court

found that Mr. Sabbota had represented Defendant effectively, and that the attorney-client relationship remained somewhat intact. Therefore, Mr. Sabbota's motion was denied.

Two weeks later, Mr. Sabbota filed a second motion to withdraw citing the same problem: Without any evidence, Defendant continues to accuse Mr. Sabbota of being "in cahoots" with the Government. ECF No. 35 at PageID.79. During the recent motion hearing, this Court tried to explore the rationale behind Defendant's accusations but found little substance. Apparently, Defendant believes that Mr. Sabbota is lying to him about the extent of Defendant's criminal history. Specifically, Defendant denies that he was convicted of a certain offense—despite that conviction appearing in official court records—because he was allegedly in prison at the time of the conviction. However, Mr. Sabbota and the Government agree that Defendant is either misreading the relevant paperwork or misremembering the relevant dates.

Because this Court is satisfied that the attorney-client relationship has broken down, Mr. Sabbota will be allowed to withdrawal. However, as stated during the motion hearing, Defendant's frustration with Mr. Sabbota is unreasonable. By all appearances, Defendant simply disagrees with Mr. Sabbota's understanding of the facts, but Mr. Sabbota—like all Michigan attorneys—has an ethical duty to provide "candid" advice. MICH. R. PROF'L CONDUCT 2.1 ("In representing a client, a lawyer *shall* exercise independent professional judgment and *shall* render candid advice." (emphasis added)). Accordingly, Defendant should be aware that "persistent, unreasonable demand for dismissal of counsel and appointment of new counsel . . . is the functional equivalent of a valid waiver of counsel." *United States v. Green*, 388 F.3d 918, 921 (6th Cir. 2004) (quoting *United States v. Henderson*, 181 F.3d 105 (6th Cir. 1999)). If Defendant continues to object unreasonably to his appointed counsel, he risks forfeiting his right to counsel.

- 3 -

Accordingly, it is **ORDERED** that Mr. Sabbota's Second Motion to Withdraw, ECF No. 35, is **GRANTED**. The appearance of Mr. Sabbota as counsel for Defendant is **WITHDRAWN**. New counsel shall be appointed.

Further, it is **ORDERED** that the Clerk of this Court is **DIRECTED** to serve Defendant a copy of this Order by first-class mail.

Dated: March 15, 2022                                  s/Thomas L. Ludington
                                                                      THOMAS L. LUDINGTON
                                                                      United States District Judge